### BROADWAY v. STATE. (8 Div. 965.)

(Court of Appeals of Alabama. May 15, 1923.)

**Witnesses ⬚277(5)—Cross-examination as to facts first put in evidence by defendant not error.**

In a prosecution for violation of the prohibition law under indictment charging defendant with distilling, and in a second count with having in his possession a still, where there could have been no conviction for selling whisky, there was no error in permitting state's counsel to interrogate defendant as to the sale of whisky, such fact being first testified to on his direct examination.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Jim Broadway was convicted of violating the prohibition law, and he appeals. Affirmed.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The record is free from error.

─────────

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

FOSTER, J. The indictment in the first count charged the defendant with distilling and in the second count with having in his possession a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages. The only questions reserved were objections to two questions asked by the state's counsel on cross-examination of the defendant as a witness. The first question related to the sale of whisky by the defendant about which he had testified on his direct examination. He could not have been convicted under this indictment for selling whisky. But having himself put the fact of the sale in evidence, he cannot complain that the trial court allowed the state's counsel to interrogate him about it on cross-examination.

It is the policy of the law to allow great latitude on cross-examination of a witness "for the purpose of testing his character for credibility, his memory, his means of knowledge, or his accuracy." Amos v. State, 96 Ala. 120, 11 South. 424.

The other question was not answered, and the exception reserved presents nothing for review.

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.